The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following questions:
 1. Does the Commission of the Arkansas Department of Pollution Control and Ecology (the `Commission') have the authority to stay a provision of a permit issued under § 402 of the Federal Water Pollution Control Act (33 U.S.C. § 1742) (an `NPDES permit') when the Director's decision to issue the permit is not the subject of an appeal to the Commission, and the permittee has only submitted a request for permit modification and the Director has not decided or acted upon the request?
 2. What authority does the Commission have to instruct the Director to act upon a request for modification of an NPDES permit?
 3. If the Director makes a decision or takes a final action on a request for permit modification, is the Commission's authority to issue a stay limited to staying such decision or final action of the Director?
It is my opinion that the answer to your first question is "no." It is clear that the provision for a stay under Regulation No.8, Arkansas Department of Pollution Control and Ecology,Administrative Procedures, applies ". . . during the pendency of Commission review." Regulation 8 states in pertinent part:
 If a request for review contains a request for a stay of the Director's decision, order, or final action, or any part thereof, during the pendency of Commission review, the Secretary shall promptly inform the Chairman of the request for stay. The Chairman shall either grant or deny the stay at his discretion.
Regulation 8, Arkansas Department of Pollution Control andEcology, Administrative Procedures, Part VIII, Section 1(a) (1984).[1]
It is my opinion that this provision for requesting a stay reasonably applies in connection with a request for Commission review under Section 4 of Part III of Regulation 8. This request for review constitutes a request for an adjudicatory hearing, prior to the Commission review, and must be made within thirty days after notice has been served of the Director's decision. Id. Review is sought by filing a written request, in conformity with Part VII, Section 3 of Regulation 8, with the designated Secretary to the Commission. Section 1 of Part VIII (the temporary stay provision) states that if a request for review contains a request for a stay, ". . . the Secretary shall promptly inform the Chairman of the request for stay." SeeRegulation 8, Part VIII, Section 1, supra. The Chairman's decision in granting or denying the stay is to be communicated by the Secretary to all parties. Id.
The Secretary's role under the temporary stay provision supports the conclusion that the request for a stay applies in connection with Commission review sought under Part III, Section 4, which requires the filing of a written request with the Secretary within thirty days after service of the Director's decision. I assume, from the statement in your first question that the Director's decision is not the subject of an appeal to the Commission, that this request for review was not sought. It is my opinion that the provision for a temporary stay is not applicable in that instance.
A review of this provision (Part VIII, Section 1) indicates, moreover, that the request is for a stay of "the Director's decision, order, or final action, or any part thereof. . . ." It may thus be concluded that the stay does not apply where there has been no decision or final action of the Director.
In response to your second question, my review has yielded no authority for the proposition that the Commission may instruct the Director to act upon a particular request. The Commission's various powers and duties under the water and air pollution control laws (A.C.A. §§ 8-4-101 et seq. (Repl. 1991 and Supp. 1991) do not reflect such authority.
With regard to your third question, I am somewhat unclear as to the focus of your inquiry. If the question is whether the Commission may, in response to a request for a stay during the pendency of its review of the Director's decision, impose any conditions or limitations in addition to the stay, it is my opinion that the answer is "no." The stay is to be granted or denied by the Chairman at his discretion. See Regulation 8,
Part VIII, Section 1, supra. The stay is in effect during the pendency of Commission review. Id. The Director's orders or decisions or final actions would, otherwise, remain in effect during review by the Commission. Reg. 8, Part VII, Section 10. There appears to be no authority for the imposition of any condition or limitation, other than the stay, during this review.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that the request for a stay is either granted or denied by the Chairman of the Commission, at his discretion. Id.